UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-00123

TRACY CARLSON,

        Plaintiff,

v.

**COLORADO FIREARMS, AMMUNITION AND ACCESSORIES, LLC A COLORADO LIMITED LIABILITY COMPANY D/B/A CENTENNIAL GUN CLUB**

        Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff, Tracy Carlson, by and through her attorneys, HKM Employment Attorneys, LLP, for her Complaint against Defendant Colorado Firearms, Ammunition and Accessories, LLC, A Colorado Limited Liability Company, d/b/a Centennial Gun Club ("Defendant" or "Colorado Firearms" or "Company") states and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action raising claims under The Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* ("Title VII") seeking damages for Defendant's discriminatory practices towards Ms. Carlson because of her age and gender.

2. This is an employment discrimination case arising from Defendant's discrimination toward and wrongful termination of Ms. Carlson because of Ms. Carlson's sex/gender and age.

Defendant's claimed reasons for terminating Plaintiff are mere pretext for discrimination based on her gender and age.

## JURISDICTION AND VENUE

3. Ms. Carlson incorporates by refence all allegations contained in the above paragraphs as though set forth separately herein.

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 451, 1331, and 1343.

5. This action is instituted pursuant to Title VII and the ADEA.

6. The unlawful acts alleged herein were committed within the jurisdiction of the United States District Court for the District of Colorado.

7. This action was originally filed in the Court of Common Pleas of Lancaster County, Pennsylvania until Defendant removed it to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1441(a).

8. Once removed to the United States District Court for the Eastern District of Pennsylvania, Defendant filed a Motion to Dismiss the Complaint pursuant to F.R.C.P. 12(b)(2) for lack of jurisdiction.

9. In Defendant's Motion to Dismiss for lack of jurisdiction, Defendant argued that "Colorado Firearms, Ammunition and Accessories, LLC, a Colorado Limited Liability Company d/b/a Centennial Gun Club, has no contacts with Pennsylvania which permit this Court to exercise Personal Jurisdiction over it." See Defendant Colorado Firearms, Ammunition and Accessories, LLC a Colorado Limited Liability Company D/B/A Centennial Gun Club's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(2), IV. Conclusion, attached hereto as Exhibit A.

10. Defendant further argues that "Colorado Firearms, Ammunition and Accessories, LLC, a Colorado Limited Liability Company d/b/a Centennial Gun Club is a Colorado company, incorporated in Colorado, with a principal place of business in Colorado, with all of its employees, members and patrons located outside of Pennsylvania." Id.

11. Defendant's Motion to Dismiss due to lack of personal jurisdiction was granted on October 19, 2022.

12. As such, both the Defendant and the United States District Court for the Eastern District of Pennsylvania agree that Colorado, not Pennsylvania, is the appropriate jurisdiction for this action.

**PARTIES**

13. Ms. Carlson incorporates by refence all allegations contained in the above paragraphs as though set forth separately herein.

14. Plaintiff, Tracy Carlson is, and at all relevant times was, a resident of the state of Pennsylvania.

15. Colorado Firearms is a Colorado corporation with a principal place of business at 11800 East Peakview Ave, Centennial, Colorado 80111.

16. At all relevant times, Defendant employed Ms. Carlson.

17. At all relevant times, Defendant has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

**ADMINISTRATIVE REMEDIES HAVE BEEN EXHAUSTED**

3

18.     Ms. Carlson incorporates by refence all allegations contained in the above paragraphs as though set forth separately herein.

19.     Plaintiff filed timely written charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on age and sex at No. 533-2021-02094 on September 13, 2021.

20.     Plaintiff's Complaint was cross-filed with the Pennsylvania Human Relations Commission ("PHRC").

21.     On December 15, 2021, Ms. Carlson received a letter from the EEOC informing her of her right to sue.

22.     Plaintiff filed her lawsuit within 90 days of receipt of the Right to Sue letter.

23.     On May 2, 2022 Defendant removed Plaintiff's lawsuit from the Court of Common Pleas of Lancaster County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1441(a).

24.     On May 6, 2022, Defendant filed a Motion to Dismiss Plaintiff's Complaint pursuant to F.R.C.P. 12(b)(2).

25.     On October 19, 2022, Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to F.R.C.P. 12(b)(2) was granted.

26.     Pursuant to C.R.S. § 13-80-111 Plaintiff has filed her Complaint in Colorado within 90 days after the termination of the original action because of lack of jurisdiction.

## **GENERAL ALLEGATIONS**

27.      Ms. Carlson incorporates by refence all allegations contained in the above paragraphs as though set forth separately herein.

4

28. On June 12, 2017, Plaintiff was hired by Colorado Firearms as a part time consultant and was then hired on January 1, 2018 as a full-time employee by Colorado Firearms.

29. After being hired as a full-time employee, Plaintiff was promoted to Director of Business Development, and she continued her role as Marketing Manager.  Plaintiff completed all job functions, roles and responsibilities at Colorado Firearms in at least a satisfactory manner, often exceeding expectations and having never received a negative performance evaluation, letter of concern or disciplinary action during her employment with Colorado Firearms.

30. In fact, Plaintiff received praise and work-related bonuses during her career at Colorado Firearms for her significant work in making the company extremely profitable and one of the leading gun clubs in the United States.

31. Plaintiff first met Matthew Grosjean ("Mr. Grosjean") in 2020 when he was looking to acquire Colorado Firearms.

32. Despite her numerous positive contributions to Colorado Firearms, Colorado Firearms, specifically Mr. Grosjean targeted Plaintiff because he wanted to eliminate older female employees after he purchased Colorado Firearms on June 21, 2021.

33. Of the forty-eight (48) employees employed by Colorado Firearms, Plaintiff was one of three (3) female employees.

34. After Colorado Firearms was acquired by Mr. Grosjean, he held a manager meeting on or around June 23, 2021.

35. During this meeting, when discussing membership cancellations Plaintiff attempted to speak after other employees had contributed to the meeting and was told by Mr. Grosjean to "shhhh."

36. Following the purchase of Colorado Firearms on June 21, 2021 by Mr. Grosjean, an employee by the name of Kaztan Dubuke was hired to work alongside Ms. Carlson in order to promote the club through social media.

37. Mr. Dubuke is a male in his early to mid-30s.

38. Initially, Mr. Dubuke reported to Ms. Carlson with his ideas on how to promote Colorado Firearms through platforms such as Facebook and Instagram.

39. On July 8, 2021 Ms. Carlson noticed a Colorado Firearms social media post showing a gun on a table, a bottle of bourbon and a glass of bourbon, with the caption "Never miss a good chance to shut up!" This content was not approved by Ms. Carlson prior to posting.

40. Ms. Carlson immediately sent an email to Mr. Grosjean and General Manager, Bart Miller and asked if someone had approved this content posted by Mr. Dubuke. Mr. Grosjean replied in an email "yes, I approved the post."

41. On Sunday, July 11th, Mr. Dubuke presented another potential social media post to Mr. Grosjean. Ms. Carlson and two other co-workers, Bart Miller – General Manager ("Mr. Miller") and Eric Freund – Human Resources Manager ("Mr. Freund.")

42. This social media video post once again included profanity and violence to promote Colorado Firearms. Ms. Carlson and her two other co-workers all spoke out in separate emails on July 12, 2021 against using this type of violent and profane content on social media to promote Colorado Firearms.

43. The only person that was reprimanded and eventually terminated for speaking out through his/her email response disapproving of the video clip was Ms. Carlson. No adverse

employment action was taken against Mr. Miller or Mr. Freund - who also spoke against the social media post.

44. Almost immediately after Ms. Carlson spoke out against the violent and profane social media video post of July 11, 2021, Mr. Dubuke no longer reported to Ms. Carlson and instead was to report directly to Mr. Grosjean.

45. Concerned about the new direction of Colorado Firearms, Ms. Carlson met again with Mr. Grosjean and Mr. Dubuke in Colorado for a meeting on July 27-28, 2021.

46. During this meeting Ms. Carlson again expressed her apprehension about using violence, profanity and alcohol to rebrand Colorado Firearms.  Ms. Carlson expressed to Mr. Grosjean that Colorado Firearms had worked years to build itself up to one of the best and most profitable, highly respected, and honorable gun clubs in the United States and that this new direction would damage the club's reputation.

47. Mr. Grosjean was dismissive about Ms. Carlson's concerns and informed Ms. Carlson that other gun clubs were taking this approach when advertising.  Eventually, Mr. Dubuke took over the majority of Ms. Carlson's marketing content job duties and refused to consult with her regarding business decisions for Colorado Firearms.

48. On August 6, 2021, (nine days after the July 28, 2021 meeting) Mr. Grosjean and Mr. Freund called Ms. Carlson and informed her that she was "no longer a good fit" and she was being terminated.

49. Following her termination, previous investor, Gary Nelson and previous managing investor, John Shook of Colorado Firearms, reached out to Ms. Carlson and expressed disbelief

that she had been terminated by Colorado Firearms given all of her positive contributions to Colorado Firearms.

50. Further, during meetings related to the sale of Colorado Firearms, both Mr. Nelson and Mr. Shook acknowledged that Ms. Carlson was one of the few "key employees" to retain. Because she was a key employee, Mr. Grosjean called Ms. Carlson in May, 2021 before the sale was final.

51. During this meeting, Mr. Grosjean and Ms. Carlson spoke for over an hour as he was thrilled with Ms. Carlson's business suggestions, and looked forward to brainstorming, because he had no prior experience in running a retail store.

## FIRST CLAIM FOR RELIEF

**(Hostile Work Environment and Wrongful Termination Based on Age in Violation of the ADEA)**

52. Ms. Carlson incorporates by reference all allegations contained in the above paragraphs as though set forth separately herein.

53. 37. The ADEA prohibits discriminatory and disparate treatment in employment on the basis of age.

54. 38. Plaintiff is an individual over the age of forty (40) and thus qualifies for protection under the ADEA, 29 U.S.C. § 621 *et seq.*

55. Defendant's actions, set forth more specifically above, violate the ADEA, 29 U.S.C. § 623(a)(1), as:

    a. Defendant was Plaintiff's employer at all times relevant to this action;

    b. Defendant, by way of Matthew Grosjean, discriminated against Plaintiff by subjecting her to hostile and intolerable work conditions; and

       c.     Defendant, by way of Matthew Grosjean, discriminated against Plaintiff on the basis of her age.

56.     For approximately six (6) months, Defendant discriminated against Plaintiff on account of her age, as more fully described below:

       a.     Mr. Grosjean failed or refused to support Ms. Carlson regarding her complaints about the negative change in direction of the Company;

       b.     Mr. Grosjean undermined and embarrassed Ms. Carlson during meetings by telling her to "shhhhh" after her younger, male comparators had been given an opportunity to speak.

       c.     Mr. Grosjean hired and then promoted a younger less experienced male to take over Ms. Carlson's job duties.

       d.     Mr. Grosjean supported and tolerated employees that were disobedient and abusive to Ms. Carlson.

       e.     Defendant created a hostile work environment.

       f.     Mr. Grosjean wrongfully terminated Ms. Carlson after she spoke out against a proposed marketing campaign yet retained two male employees who also spoke out against the same marketing campaign.

57.     Age was the motivating factor, and but for Ms. Carlson's age, Defendant would not have discriminated against her.

58.     Said discrimination and disparate treatment on the basis of age was willfully and knowingly undertaken by Defendant, and thereby exhibits a deliberate indifference to Ms. Carlson's statutorily protected rights.

59. Defendant's policies with respect to harassment, discrimination and disparate treatment, were utterly deficient and inadequate to prevent, correct and/or remedy unlawful age discrimination and disparate treatment in the workplace and thereby exhibit a deliberate indifference to Ms. Carlson's statutorily protected rights.

60. The intentional age discrimination and disparate treatment resulted in tangible job detriments and/or adverse employment action.

61. Defendant's treatment of Ms. Carlson did not improve but worsened until she was eventually wrongfully terminated on August 6, 2021 and replaced by a younger male employee.

62. Plaintiff has suffered damages as a direct and proximate result of Defendant's violations of the ADEA and requests that this Court award Plaintiff damages permitted under the Age Discrimination in Employment Act, along with interest, costs, attorney fees and such other relief as this Court deems just.

## SECOND CLAIM FOR RELIEF

### (Hostile Work Environment and Wrongful Termination Based on Gender in Violation of Title VII)

63. Ms. Carlson incorporates by reference all allegations contained in the above paragraphs as though set forth separately herein.

64. Ms. Carlson, as a white female, is a member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (e) *et seq.*

65. Defendant's actions, set forth more specifically above, have violated Title VII, as:

    a. Defendant was Plaintiff's employer at all times relevant to this action.

  b.  Defendant, by way of Mr. Grosjean, discriminated against Ms. Carlson by subjecting her to hostile and intolerable work conditions, as described above.

  c.  Defendant, by way of Mr. Grosjean, discriminated against Ms. Carlson on the basis of her gender.

  d.  As a result of Defendant's discriminatory actions, Ms. Carlson's working conditions were substantially disrupted and her management authority was substantially undermined.

66. Defendant's discrimination, by way of Mr. Grosjean, against Ms. Carlson was sufficiently severe to alter the terms and conditions of her employment and create an abusive and hostile work environment, and thereby constitutes unlawful gender discrimination.

67. As one of the three female employees at Colorado Firearms, Defendant discriminated against Ms. Carlson on account of her gender, as described above for approximately six months.

68. Gender was a motivating factor, and but for Ms. Carlson's sex, Defendant would not have discriminated against her.

69. Said discrimination and disparate treatment on the basis of Ms. Carlson's gender was willfully and knowingly undertaken by Defendant, and thereby exhibits a deliberate indifference to Ms. Carlson's statutorily protected rights.

70. Defendant's policies with respect to harassment, discrimination and disparate treatment, were utterly deficient and inadequate to prevent, correct and/or remedy unlawful gender discrimination and disparate treatment in the workplace and thereby exhibit a deliberate indifference to Ms. Carlson's statutorily protected rights.

71. The intentional gender discrimination and disparate treatment resulted in tangible job detriments and/or adverse employment action.

72. Defendant's treatment of Ms. Carlson did not improve but worsened until she was eventually wrongfully terminated on August 6, 2021 and replaced by a younger male employee.

73. Ms. Carlson has suffered damage as a direct and proximate result of Defendant's violations of Title VII.

74. Ms. Carlson has suffered damages as a direct and proximate result of Defendant's violations of Title VII and requests that this Court award Plaintiff damages permitted under Title VII, along with interest, costs, attorney fees and such other relief as this Court deems just.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Carlson respectfully requests that this Court enter judgment in her favor against Colorado Firearms and order the following relief as allowed by law:

A. Compensatory damages, including but not limited to those for garden variety emotional distress, inconvenience, and mental anguish;

B. Back pay and benefits;

C. Front pay and benefits;

D. Punitive damages;

E. Attorneys' fees and costs of this action, as permitted by law;

G. Pre-judgment and post-judgment interest at the highest lawful rate; and

H. Such further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Ms. Carlson requests a trial by jury on all issues so triable.

Respectfully submitted this 16th day of January 2023.

                                    **HKM EMPLOYMENT ATTORNEYS LLP**

                              By: */s/ Ryan F. Kenny*
                                    Ryan F. Kenny
                                    HKM Employment Attorneys LLP
                                    10 High Street, Suite 401
                                    Boston, MA 02110
                                    Phone: (617) 297-2002
                                    rkenny@hkm.com
                                    *Attorney for Plaintiff Tracy Carlson*